IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM F. HOLDNER**,

    Plaintiff,

  v.

**RICHARD A. KRIETZBERG, STEVEN KRIETZBERG, AMY E. MITCHELL, and JUSTIN D. LEONARD**,

    Defendants.

No. 3:18-cv-01054-AC

ORDER OF REFERRAL

**MOSMAN, J.**,

On March 14, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [24], recommending that I grant Defendants Mitchell and Leonard's Motion to Refer Matter to the Bankruptcy Court [8] and grant in part and deny in part the Krietzberg Defendants' Motion to Refer to Bankruptcy Court and Motion to Label Plaintiff a Vexatious Litigant [10]. Plaintiff William Holdner filed Objections to the F&R [26]. No responses were filed.

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

1 – ORDER OF REFERRAL

but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The F&R finds that Plaintiff's Claims One, Two, and Four bear a close nexus to ongoing matters in the Bankruptcy Court for the District of Oregon and therefore recommends that these claims be referred to that court. It also recommends that I dismiss Claim Three without prejudice due to insufficient pleading and an underdeveloped record, preserving Defendants' right to renew their motion to dismiss should Plaintiff amend the pleading. Finally, the F&R recommends that I not label Plaintiff a vexatious litigant.

In his Objections, Mr. Holdner asks me to appoint an attorney to represent a class of minority shareholders, arguing that this court has jurisdiction because the current suit is a class action. Because no class has been certified nor has Mr. Holdner moved to certify a class, I agree with Judge Acosta's findings.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [24] in full. Defendants Mitchell and Leonard's Motion to Refer to the Bankruptcy Court [8] is GRANTED and the Krietzberg Defendants' Motion to Refer to the Bankruptcy Court and

Motion to Label Plaintiff a Vexatious Litigant [10] is GRANTED in part and DENIED in part. Plaintiff has thirty (30) days in which to file an amended complaint, as to the third claim, in the United States Bankruptcy Court for the District of Oregon.

    The Clerk shall transfer the file to the United States Bankruptcy Court for the District of Oregon, the current action before the District Court is closed.

    IT IS SO ORDERED.

    DATED this __23__ day of April, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge

3 – ORDER OF REFERRAL