IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**WILLIAM F. HOLDNER**,

    Plaintiff,

    v.

**RICHARD A. KRIETZBERG**; **STEVEN KRIETZBERG**; **AMY E. MITCHELL,** Trustee; and **JUSTIN D. LEONARD**, Attorney,

    Defendants.

Case No. 3:18-cv-01054-AC

OPINION AND ORDER

**MOSMAN, J.**,

This case comes before me by way of a Memorandum Opinion and Report and Recommendation from U.S. Bankruptcy Judge Trish M. Brown. [ECF 35] ("Opinion & Report"). In her Opinion & Report, Judge Brown made two recommendations: (1) that this court withdraw its referral of two of Mr. Holdner's claims, and (2) that I designate Mr. Holdner as a vexatious litigant for purposes of further proceedings against these defendants. *Id*. at 16-18, 36. I agree with Judge Brown's assessment, and I adopt both of her recommendations.

## I. Mr. Holdner's Second and Third Claims for Relief

Mr. Holdner originally filed his complaint in this court. [ECF 1]. He asserted four claims for relief: Misrepresentation in the Purchase of Shares, Breach of Contract, Breach of Fiduciary Duty (Kreitzberg Defendants), and Breach of Fiduciary Duty (Ms. Mitchell & Mr. Leonard). *Id.* at 11-13. Magistrate Judge John V. Acosta issued a Findings and Recommendation ("F&R"), in which he recommended that Mr. Holdner's claims for misrepresentation, breach of contract, and breach of fiduciary duty (Mitchell & Leonard) be referred to the bankruptcy court and that his claim for breach of fiduciary duty against the Kreitzberg Defendants be dismissed. F&R [ECF 24] at 2. I adopted Judge Acosta's F&R in full and referred Mr. Holdner's claims to the bankruptcy court. Order of Referral [ECF 27].

Mr. Holdner filed a virtually identical complaint in Bankruptcy Court, in which he renewed all four claims for relief. First Am. Compl. at 12-14, *Holdner v. Kreitzberg et al.*, Adv. Pro. No. 19-3028-tmb (Bankr. D. Or. May 13, 2019) [ECF 16]. Defendants filed a Motion to Dismiss each of Mr. Holdner's claims. *Holdner v. Kreitzberg et al.*, Adv. Pro. No. 19-3028-tmb (Bankr. D. Or. June 7, 2019) [ECF 19]. Judge Brown ruled on that motion in her Opinion & Report. [55] at 10-19. Judge Brown issued dispositive rulings on two of those claims: misrepresentation in the purchase of shares (Claim One) and breach of fiduciary duties (estate professionals) (Claim Four). *Id.* at 15-17, 18-19.

On the other two claims, for breach of contract (Claim Two) and breach of fiduciary duties (Kreitzberg Defendants) (Claim Three), Judge Brown issued recommendations to this court because she found that both claims fell outside her jurisdiction as the Bankruptcy Court. *Id.* at 16-18. She recommended that this court withdraw its reference of both claims pursuant to 28 U.S.C. § 157(d) and L-R 2100-4. *Id.* On Claim Two, she recommended that this court enter

judgment in favor of the Defendants because Mr. Holdner lacks standing to bring a claim for breach of contract, as there is no record that he entered into a contract with these defendants. *Id.*

I agree with Judge Brown. I withdraw my reference to Mr. Holdner's second and third claims for relief, pursuant to 28 U.S.C. § 157(d)[1] and LR 2100-4.[2]

For the reasons stated in Judge Brown's Opinion & Report, I find that Mr. Holdner's second claim for relief—breach of contract—fails to state a claim. Fed. R. Civ. P. 12(b)(6); Opinion & Report [35] at 16-17. I therefore DISMISS this claim with prejudice.

As for Mr. Holdner's third claim for relief, I find that it should be dismissed for the same reasons originally provided in Judge Acosta's F&R. [24] at 7-8. Mr. Holdner's renewed claim does not improve on his original pleading, and as before, it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). I therefore DISMISS this claim with prejudice.

**II.     Vexatious Litigant Designation**

I also agree with Judge Brown that Mr. Holdner should be designated as a vexatious litigant and that a prefiling order should be entered in this case. Opinion & Report [35] at 36. I will issue that order separate from this opinion, and it will conform to the same terms adopted by Judge Brown in the Bankruptcy Court. *Id.* at 34-36 (describing the terms of her prefiling order).

---

[1]     28 U.S.C. § 157(d) provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

[2]     Local Rule 2100-4 provides that: "In addition to the statutory provisions relating to withdrawal of reference, a case, or any portion thereof, may be withdrawn on recommendation of a bankruptcy judge."

3 – OPINION AND ORDER

**CONCLUSION**

I ADOPT Judge Brown's recommendations [35] and DISMISS with prejudice Mr. Holdner's Second and Third claims for relief, and this case is DISMISSED with prejudice. I also ORDER that a prefiling order against Mr. Holdner be entered in this case.

IT IS SO ORDERED.

DATED this  17  day of March, 2020.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge